JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | EDCV 25-02200-MWF (MBKx) | **Date:** October 22, 2025 |
| **Title:** | Eric Murdock v. Costco Wholesale Corporation et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]

Before the Court is Plaintiff Eric Murdock's Motion to Remand to San Bernardino Superior Court (the "Motion"), filed on September 22, 2025. (Docket No. 11). Defendant Costco Wholesale Corporation ("Costco") filed an Opposition on September 29, 2025. (Docket No. 13). No Reply was filed.

The Court has read and considered the papers on the Motion and held a hearing on **October 20, 2025**.

The Motion is **GRANTED**. The Court concludes that Defendant Edward Walton is not a "sham defendant" and Walton's presence must be considered for determining diversity. Because Walton's presence eliminates complete diversity among the parties, the Court lacks subject-matter jurisdiction over the action.

I.   BACKGROUND

Plaintiff commenced this action in San Bernardino County Superior Court on June 20, 2025, against Defendants Costco and Edward Walton. (Complaint (Docket No. 1, Exh. A)). Plaintiff alleges that he slipped on a wet floor at a Costco Warehouse location and that Defendants negligently failed to maintain the premises in a reasonably safe condition. (*Id.* at 4–5). At the time of the incident, Walton was the general manager of that particular Costco Warehouse, allegedly responsible for store-level safety procedures and employee supervision. (*See* Motion at 2).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 25-02200-MWF (MBKx) | **Date:** October 22, 2025 |
| **Title:** Eric Murdock v. Costco Wholesale Corporation et al | |

Based on these allegations, Plaintiff alleges two claims for relief against Costco and Walton for premises liability and negligence. (Complaint at 4–5). Plaintiff claims physical injuries and seeks damages exceeding $75,000. (*See* Statement of Damages (Docket No. 1, Exh. B)).

On August 22, 2025, Costco removed this action based on the Court's diversity jurisdiction. (Notice of Removal ("NOR") ¶ 2 (Docket No. 1)). Costco states in its Notice of Removal that, excluding Walton, who is a citizen of California, there is complete diversity of citizenship because Plaintiff is a citizen of California and Costco is a citizen of Washington and a Washington corporation. (*Id.* ¶¶ 3–4). Costco argues that Walton should be disregarded because he was only named to create a fraudulent joinder. (*Id.* ¶ 8).

Plaintiff, arguing that Walton's inclusion cannot be disregarded as a fraudulent joinder, seeks to remand this action back to San Bernardino County Superior Court. (Motion at 1).

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation marks and citation omitted). A joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 25-02200-MWF (MBKx) | **Date:** October 22, 2025 |
| **Title:** Eric Murdock v. Costco Wholesale Corporation et al | |

F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-2846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that settled law obviously precludes the liability against the nondiverse defendant.").

The Court may look to affidavits and other evidence to determine whether the joinder is a sham but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the plaintiff. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). There is a heavy burden on a defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,* 494 F.3d at 1206. "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Smith v. Allstate Ins. Co.*, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

Here, Plaintiff has asserted colorable claims for negligence and premises liability against Walton. Under California law, negligence and premises liability share the same elements of "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). "Premises liability is grounded in the possession of the premises and the attendant right to control and manage the premises; accordingly, mere possession with its attendant right to control conditions on the premises is a sufficient basis for the imposition of an affirmative duty to act." *Id.* (internal quotation marks omitted). "[C]ontrol is defined as the power to prevent, remedy or guard against the dangerous condition." *Colonial Van & Storage, Inc. v. Super. Ct.*, 76 Cal. App. 5th 487, 497, 291 Cal. Rptr. 3d 581 (2022) (internal quotations and citations omitted).

Plaintiff alleges that Walton was the "manager[], controller[], or otherwise responsible for maintenance, inspections, warnings, or repairs of the premises." (Complaint at 5). Plaintiff alleges that Walton breached his duty to keep the premises in a good and safe condition, which resulted in Plaintiff's injuries. (*Id.* at 4–5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 25-02200-MWF (MBKx) | **Date:** October 22, 2025 |
| **Title:** Eric Murdock v. Costco Wholesale Corporation et al | |

"Courts have specifically allowed a plaintiff to bring negligence and premises liability claims against store managers[.]" *Thomas v. WalMart Stores, Inc.*, Case No. CV 18-03422-RSWL (SKx), 2018 WL 3046967, at *4 (C.D. Cal. June 19, 2018). As a result, there is an array of authorities remanding slip-and-fall premises liability cases against nondiverse store managers for lack of fraudulent joinder. *Berryhill v. Costco Wholesale Corp.*, Case No. CV 23-00315-WBS, 2023 WL 3302869, at *2 (E.D. Cal. May 8, 2023) (collecting cases); *see also Gallegos v. Costco Wholesale Corp.*, Case No. CV 20-3250-DMG (GJSx), 2020 WL 2945514, at *3–4 (C.D. Cal. 2020).

Costco argues that this action is distinct because of a declaration from Walton stating that he was absent on the day of the incident and that he did not have a role in safety inspection. (Opposition at 9–10; Declaration of Edward Walton (Docket No. 13-2) ¶¶ 3–9). The case law is, however, replete with rejections of fraudulent joinder even where there is evidence that a nondiverse store manager defendant may not have been present in the store on the day in question. *See, e.g.*, *Nieves v. Costco Wholesale Corp.*, Case No. CV 22-00977-JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (rejecting fraudulent joinder argument and remanding slip-and-fall premises liability case brought against Costco store manager who was not present in the store on the day of the alleged injury); *Berryhill*, 2023 WL 3302869, at *2–3 (same); *Webber v. Home Depot U.S.A., Inc.*, Case No. CV 24-01886-WBS, 2024 WL 4765315, at *2 (E.D. Cal. Nov. 13, 2024).

The Court finds this line of cases more persuasive than Costco's argument. Even if Costco's evidence suggests Walton was not present at the scene, Costco has not conclusively eliminated the possibility that Walton's overarching control of the store nevertheless contributed to the alleged unsafe condition. *See Nieves*, 2022 WL 51999904, at *2–3 (noting that manager's vacation did "not necessarily relieve her of all duties and responsibilities with respect to maintaining the store"). Indeed, it is not at all self-evident that the general manager of a store had no such control over its premises, and the Court must resolve all factual disputes and inferences at this stage in Plaintiff's favor. *Calero*, 271 F. Supp. 2d at 1176.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 25-02200-MWF (MBKx) | **Date:** October 22, 2025 |
| **Title:** Eric Murdock v. Costco Wholesale Corporation et al | |

Nor is the Court persuaded by Costco's argument that the allegations against Walton are inappropriately general. *See Gallegos*, 2020 WL 2945514, at *3 n.3 ("In the context of the negligence and premises liability claims in this case, [the manager] is Costco's agent and, therefore, it is plausible that Defendants' conduct is intertwined"). Costco has also failed to demonstrate that any such deficiencies in the Complaint cannot be cured by amendment. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (instructing courts to consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").

Because "there is a possibility that a state court would find that the complaint states a cause of action against" Walton — *i.e.*, that it would not sustain a demurrer as to Walton without leave to amend — the Court therefore "must find that the joinder was proper and remand the case." *Hunter*, 582 F.3d at 1046. Costco has failed to overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Id.*

Accordingly, the Motion is **GRANTED** and the action is **REMANDED** to the Superior Court of the State of California for the County of San Bernardino.

IT IS SO ORDERED.